UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE RODRIGUEZ,

             Plaintiff,

    v.

DIAZ, *et al.*,

             Defendants.

No. 1:19-cv-01118-JDP

FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION BE DENIED, AND THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT PREJUDICE

ECF Nos. 1 and 3

OBJECTIONS OR AMENDED COMPLAINT DUE WITHIN THIRTY DAYS

ORDER ASSIGNING CASE TO A DISTRICT JUDGE

Plaintiff Jose Rodriguez is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. On August 15, 2019, Rodriguez filed a complaint alleging that a California Department of Corrections and Rehabilitation policy to merge the general and special-needs populations at Avenal State Prison placed him at risk of violence. *See* ECF No. 1. The same day, Rodriguez filed a motion for a temporary restraining order and preliminary injunction to halt the policy. ECF No. 2.

I recommend denying Rodriguez's motion for a temporary restraining order and dismissing his complaint without prejudice, if Rodriguez fails to file an amended complaint that corrects the numerous pleading deficiencies. Rodriguez's motion for an injunction does not meet

1

the standard to grant this extraordinary form of relief.  Indeed, the motion appears copied from near-identical motions that have recently been filed in other cases—motions that have been denied.  *See, e.g.*, *Perez v. Diaz*, No. 19-1295, 2019 WL 3229622, at *4 (E.D. Cal. July 18, 2019); *Montalvo v. Diaz*, No. 19-00363, 2019 WL 1242445, at *6 (S.D. Cal. Mar. 18, 2019).  Rodriguez's complaint, meanwhile, contains no specific or plausible theory for how a merger policy at a different prison from the one in which he is now housed deprives him of rights.  His complaint also appears largely identical to ones that have been filed in similar cases, and dismissal has been recommended in at least one such case.  *See, e.g.*, ECF Nos. 1 and 8 in *Perez*, No. 19-1295.  Because other recent orders and recommendations and have dealt with these near-identical, boilerplate claims, an exhaustive re-treatment of these issues would not be an efficient use of judicial resources.  The federal rules contain mechanisms for collective litigation precisely to avoid the inefficiencies that attend to piecemeal litigation of identical claims.

**DISCUSSION**

A plaintiff seeking a preliminary injunction or temporary restraining order "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Glossip v. Gross*, 135 S.Ct. 2726, 2736-37 (2015) (internal citations and quotation marks omitted).  Plaintiff does not meet this standard.  Plaintiff's motion and supporting declarations contain only broad allegations that merging special-needs and general populations will lead to a general increase in violence.  These predictions may have policy merit, but they fail to establish that plaintiff "currently faces the type of immediate and credible threat of irreparable harm necessary to justify extraordinary injunctive relief at this stage of the case." *Montalvo*, 2019 WL 1242445, at *6.

Plaintiff's complaint contains similar defects.  Plaintiff currently appears to be housed at the Pleasant Valley State Prison, *see* ECF No. 1 at 1, but the complaint concerns a merger policy at Avenal State Prison, *see id.* at 3.  Even if Rodriguez were housed at Avenal, the complaint does not explain how the merger policy would affect him personally.[1]  The allegations concern a

_____
[1] Plaintiff appears to be a general population prisoner, rather than a special-needs prisoner.

2

policy "scheduled" to take place in January 2019, but Rodriguez's complaint was not filed until August 2019, leaving the state of the controversy ambiguous at best. And Rodriguez's lone, boilerplate paragraph of supporting facts contains no theory or details that otherwise plausibly link the actions of defendants to a violation of his rights.

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). And, while a court must construe a pro se litigant's complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), a court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle him to relief," *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)). Here, it is beyond doubt that Rodriguez's complaint does not contain allegations that would entitle him to relief.

## RECOMMENDATION

Under 28 U.S.C. § 636(c)(1), all parties named in a civil action must consent to a magistrate judge's jurisdiction before that jurisdiction vests for "dispositive decisions." *Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017). Here, any dismissal of a claim or ruling on a motion for injunctive relief requires an order from a district judge. Thus, I submit the following findings and recommendations under 28 U.S.C. § 636(b)(l):

1. Plaintiff's motion for a temporary restraining order and preliminary injunction should be denied.

2. Plaintiff's remaining claims should be dismissed without prejudice.

Within thirty days of service of these findings and recommendations, plaintiff may file written objections with the court or an amended complaint that attempts to correct the pleading deficiencies. If plaintiff files objections, he should do so in a document captioned "Objections to Magistrate Judge's Findings and Recommendations."

**ORDER**

The clerk of court is ordered to assign this case to a district judge for review.

IT IS SO ORDERED.

Dated:    September 25, 2019

UNITED STATES MAGISTRATE JUDGE

No. 205